IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NILA RICHEY,                      )
                                  )
            Plaintiff,            )
                                  )
    v.                            ) Civil Action No. 04-142J
                                  )
JO ANNE B. BARNHART,              )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this ____5ᵗʰ____ day of October, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.   Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).   These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on April 2, 2003, alleging disability beginning January 17, 2003, due to a broken neck and pinched nerves. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on January 20, 2004, at which plaintiff appeared represented by counsel.   On March 16, 2004, the ALJ issued a decision finding that plaintiff is not disabled.    The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 46 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a materials technician and a carpenter/construction worker, but she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of the residuals of thoracic and cervical fractures and the residuals of cervicothoracic fusions, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a sit/stand option. In addition, plaintiff is moderately limited in pushing and pulling, and she is precluded from climbing, balancing and stooping. Plaintiff also must avoid humidity, heights and excessive head turning. Finally, plaintiff requires work that occasionally allows her to elevate her feet (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a security surveillance monitor, telephone quote clerk, electronic assembler or non-emergency dispatcher. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step

- 4 -

5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive. Plaintiff's challenges to the ALJ's step 5 finding include the following: (1) the ALJ gave inadequate weight to the opinions of plaintiff's treating physicians; and (2) the ALJ did not properly evaluate plaintiff's subjective complaints regarding her pain.

Plaintiff first contends that the ALJ erred by giving inadequate weight to the opinion of Dr. Henry Shoenthal, her primary care physician, and to the opinion of Dr. Carroll Osgood, her treating neurologist. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R.

- 5 -

AO 72A
(Rev.8/82)

§404.1527(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, neither Dr. Shoenthal's nor Dr. Osgood's respective opinion was entitled to controlling weight.

Plaintiff argues that Dr. Shoenthal's opinion of her ability to perform certain exertional work-related functions supports her position that she is disabled. Dr. Shoenthal completed a form entitled "Claimant's Ability to Perform Work-Related Activities." On that check-the-box form, Dr. Shoenthal indicated that plaintiff could stand and walk one hour or less per eight hour workday and sit four hours per day. (R. 221). As the ALJ correctly stated in his opinion, Dr. Shoenthal's treatment notes do not support those limitations on walking, standing and sitting. Furthermore, Dr. Shoenthal did not identify any objective medical evidence in support of his opinion. For those reasons, the ALJ properly refused to give Dr. Shoenthal's opinion controlling weight.

Contrary to plaintiff's position, the ALJ also properly considered Dr. Osgood's assessment of plaintiff. The record indicates that plaintiff saw Dr. Osgood on two occasions. (R. 206-07, 211-12). On her most recent visit, Dr. Osgood noted that the hardware used in her fusion surgery was in good position, and a CT myelogram showed no significant filling defects or offsets in the lower cervical or upper thoracic areas. (R. 206). Dr. Osgood commented that plaintiff was to begin physical therapy in February 2004, and, if her pain persisted, hardware removal could be considered. (R. 207). Dr. Osgood's treatment notes do not indicate that plaintiff was precluded from performing all work

activity. Moreover, Dr. Osgood never offered an opinion that plaintiff was disabled. Accordingly, the ALJ did not err in his treatment of Dr. Osgood's assessment of plaintiff.

Plaintiff's second step 5 argument is that the ALJ did not properly evaluate her subjective complaints of pain. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c)(2); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, an ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Upon a review of the record, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints regarding her pain.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered the relevant evidence in the record, including medical findings, the extent of plaintiff's treatment, plaintiff's own statements about her symptoms and statements by her treating and examining physicians about her symptoms and how they affect her. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §404.1529(c)(4), the ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. The ALJ determined that the objective evidence is inconsistent with an individual

experiencing debilitating pain. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 16). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 13-14), and is satisfied that such determination is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  Charles R. Gority, Esq.
     509 Allegheny Street
     Hollidaysburg, PA 16648

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     224 Penn Traffic Building
     319 Washington Street
     Johnstown, PA 15901

- 8 -